In the Matter of MECISLAUS S. CHMIELEWSKI, Also Known as MITCHELL S. CHMIELEWSKI, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, INC., Petitioner.

Second Department, October 30, 1972.

*Stephen Van R. Ulman* for petitioner.

*Mitchell S. Chmielewski,* respondent in person.

*Per Curiam.* The respondent was admitted to practice law by this court on June 25, 1947. In this proceeding to discipline him

for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report; and the respondent, by affirmation submitted in opposition to the motion to confirm, requests that the motion be denied.

The petition sets forth two charges of professional misconduct. The first charge alleges that in 1964 the respondent, acting as attorney and as an officer of a corporate seller, prepared and signed a contract of sale of certain real estate owned by the corporation. The contract provided that the down payment of $1,850 was to be held in escrow by the respondent. After receiving a check in that amount made payable to his order, the respondent, instead of depositing it in a special account, cashed it and used the funds for his own purposes.

In the second charge it is alleged that, when the respondent refused to return the down payment to the purchasers after the contract was canceled because the seller was unable to convey title, the purchasers obtained a judgment against the respondent; that, although all appeals from the judgment were resolved against him and an order was entered directing repayment to the purchasers, the respondent continued to refuse to refund the down payment; and that repayment was finally made only after the purchasers applied for an order to punish the respondent for contempt.

As to the first charge, the respondent testified that after receiving the check he deposited it in a special account in his own name; that the money remained in his account until 1965 when he came under "terrific pressure" and "coercion" from "criminals" who had loaned him money for a business venture; that he then transferred the funds in the form of currency to his home where he hid it inside of and attached to a dresser drawer, where it remained until "past 1970"; and that he did not take this money to pay the purchasers but used funds from one of his businesses, because the cash was so placed in the dresser drawer that he "would have to break it open to get at it." The reporting Justice found this explanation to be "implausible and lacking in merit."

Mr. Justice SULLIVAN further found that both charges as alleged in the petition were sustained. In our opinion, the evidence supports the findings in the report. Accordingly, the petitioner's motion to confirm the report is granted and the respondent's request to deny the motion is denied.

On the basis of the record here presented and considering the respondent's previous unblemished record, we have determined

that suspension from the practice of law for a period of six months, commencing December 1; 1972, would be a suitable and appropriate penalty to be imposed upon the respondent. Accordingly, an order to such effect shall be entered.

RABIN, P. J., MUNDER, LATHAM, GULOTTA and BRENNAN, JJ., concur.